OPINION
PER CURIAM.
Asa P. Johnson, a state prisoner proceeding pro se, appeals from order of the United States District Court for the District of Delaware dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). We will dismiss the ap *130 peal pursuant to § 1915(e)(2)(B) as it lacks an arguable basis in law.
I.
Johnson is currently serving a prison sentence at the Delaware Correctional Center. In February 2008, he filed a complaint pursuant to 42 U.S.C. § 1988, alleging' that he was wrongfully transferred from general population to the Security Housing Unit (“SHU”) on September 9, 2007, based on a nurse’s alleged report of misconduct.[1] According to Johnson, he was interviewed by the Prison Internal Affairs Unit, but the prison did not issue a disciplinary report or hold a disciplinary hearing on the alleged misconduct. He served 87 days in the SHU before he received a memorandum from the Institutional Base Classification Committee (“IBCC”) documenting the decision to classify him to the highest level of security at the SHU, to rescind his prison employment and his participation in a rehabilitation group, and to recommend mental health and participation in SHU programs. Johnson appealed the IBCC’s decision and filed a grievance regarding his transfer to the SHU, all to no avail. He claimed that his administrative transfer to SHU was intended to by-pass the normal prison disciplinary process. He received no notice of, and did not appear at, any Multi-Disci-plinary Team hearings regarding his classification to a higher security level. Because of the transfer, he lost his prison job (and the benefits that came from working at a prison job), and recreation. In his complaint, he sought reinstatement to his prison hospital infirmary position, reinstatement of his original prison status and participation in the rehabilitation group, reimbursement of lost wages, and damages. Johnson filed a motion to supplement his complaint, to which he attached his original complaint.
The District Court granted Johnson leave to proceed in forma pauperis. By memorandum order entered June 26, 2008, 2008 WL 2543439, the District Court dismissed his complaint pursuant to § 1915(e)(2)(B) and denied his motion to supplement the complaint as futile. Johnson filed a motion for reconsideration, which the District Court denied by order entered September 25, 2008. Johnson filed this timely appeal.
II.
We have jurisdiction pursuant to 28 U.S.C. § 1291. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir.1995). Our review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999). Johnson is proceeding in forma pauperis and, thus, we review this appeal to determine whether it should be dismissed as frivolous pursuant to § 1915(e)(2)(B). An appeal is frivolous if it “lacks an arguable basis in law.” Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
We agree that Johnson’s complaint failed to state a claim for substantially the *131 reasons stated by the District Court. Johnson’s administrative placement in the SHU and reclassification to a higher security level does not implicate the Due Process Clause. The allegations, taken as true, do not lead to a plausible inference that his placement in the SHU imposed an “atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,” and, thus, he has no protected liberty interest. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir.1997). Being classified to the highest security level in the SHU and its resulting consequences of disqualification for certain programs, as with any security classification, is not outside what a prisoner “may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.” Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir.2002) (citations omitted); see Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (prison officials have discretion over prison classifications and prisonei’s have no legitimate due process concerns in them).
In his argument in response to the Clerk’s Order dated December 17, 2008, Johnson asserts that, among other things, his reclassification to the SHU triggered a violation under the Eighth Amendment. See Argument at 3. Assuming in his favor that he raised an Eighth Amendment violation in his complaint, Johnson failed to state a claim upon which relief may be granted. A prisoner alleging a violation of the Eighth Amendment regarding the conditions of his confinement must demonstrate both (i) an objectively serious deprivation and (ii) deliberate indifference by the prison official defendant in effecting the deprivation. See Wilson v. Seiter, 501 U.S. 294, 298-99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir.1997). Johnson’s administrative transfer to the SHU and the consequent loss of privileges are clearly insufficient to rise to this level. See Inmates of Occoquan v. Barry, 844 F.2d 828, 836 (D.C.Cir.1988) (“[Cjertain sorts of “deprivations,” such as limited work and educational opportunities, do not even fall within the broad compass of ‘punishments’ within the meaning of the Constitution.”).
Turning to Johnson’s motion to supplement the complaint, Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course before a responsive pleading is served. We agree, however, with the District Court’s conclusion that granting leave to amend in Johnson’s ease would have been futile because the complaint, as amended or supplemented, would fail to state a due process claim upon which relief could be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997).
Our independent review reveals that there is no arguable basis to challenge the District Court’s dismissal order on appeal. Accordingly, Johnson’s appeal will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

. In his motion for reargument, filed in October 2008, the denial of which he does not appeal, Johnson described the incident leading to his transfer to the SHU. On September 9, 2007, Johnson and five other inmates, all workers at the infirmary, were sent back to their respective housing units "because of a situation involving vendor food a nurse had purchased." Later that afternoon, a prison officer told him that the Shift Commander ordered his transfer to the SHU. On September 11, at a Prison Internal Affairs Unit interview, Johnson was accused of giving a nurse some money to buy food. He maintained his innocence. He was sent back to the SHU, where he has been ever since.